UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY RETIREE WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY VACATION FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY SUPPLEMENTAL FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY PROMOTIONAL FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY TRAINING FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY BUILDING FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY DEFENSE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY LOCAL POLITICAL ACTION COMMITTEE, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, THE INTERNATIONAL MASONRY INSTITUTE, AND THE TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTWORKERS POLITICAL ACTION COMMITTEE,

Plaintiffs,

-against-

KIMO TILE @ MARBLE, LIMITED LIABILITY COMPANY d/b/a KIMO TILE COMPANY, LLC, and SASHA KISSOONDATH,

Defendant.

23 CV _____

**COMPLAINT**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**NATURE OF THE ACTION**

1.    This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"),

and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3.    Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2), because Plaintiffs reside in this district.

## THE PARTIES

4.    Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (collectively, the "Local 7 Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).  The Local 7 Benefit Funds are also multiemployer employee benefit plans within the meaning of Section 3(3), (37) of ERISA, 29 U.S.C. § 1002(3).  The Trustees of the Local 7 Benefit Funds are fiduciaries of the Local 7 Benefit Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Local 7 Benefit Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

5.    Plaintiffs Trustees of the Local 7 Tile Industry Retiree Welfare Fund, Local 7 Tile Industry Vacation Fund, Local 7 Tile Industry Supplemental Fund, Local 7 Tile Industry Promotional Fund, Local 7 Tile Industry Training Fund, Local 7 Tile Industry Building Fund, Local 7 Tile Industry Defense Fund, and Local 7 Tile Industry Local

Political Action Committee, (collectively, the "Local 7 LMRA Funds," together with the Local 7 Benefit Funds, hereinafter referred to as the "Local Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with sections 302(c)(4) and 302(c)(6)-(9) of the LMRA, 29 U.S.C. § 186(c)(4), (6)-(9).  The Local LMRA Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

6.     Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund (the "IPF") is a multiemployer labor-management trust fund organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).  The IPF is a multiemployer employee benefit plan within the meaning of Section 3(3), (37) of ERISA, 29 U.S.C. § 1002(3), (37).  The Trustees of the IPF are fiduciaries of the IPF within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The IPF maintains its principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

7.     Plaintiffs International Masonry Institute ("IMI") and Trustees of the Bricklayers and Allied Craftworkers Political Action Committee ("BAC PAC," together with IMI, hereinafter referred to as the "International LMRA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with sections 302(c)(4) and 302(c)(6)-(9) of the LMRA, 29 U.S.C. § 186(c)(4), (6)-(9).  The International LMRA Funds maintain their principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

8.    Defendant Kimo Tile @ Marble, Limited Liability Company d/b/a Kimo Tile Company, LLC. ("Kimo") is a corporation organized under the laws of the State of New Jersey.  At relevant times, Kimo was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  Kimo maintains a place of business at 7 Fowler Avenue, Millville, NJ 08332.

9.    Defendant Sasha Kissoondath ("Kissoondath," together with Kimo as "Defendants") has at all relevant times been the President, owner, and a controlling official of Defendant Kimo, was and is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Kissoondath resides at 7 Fowler Avenue, Millville, NJ 08332.

## FACTUAL ALLEGATIONS

The Collective Bargaining Agreement

10.    The Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

11.    At all times relevant hereto, Kimo was bound to a collective bargaining agreement (the "CBA") with the Union.

12.    The CBA required Kimo to make specified hourly contributions ("Employer Contributions") to the Local Funds and the International LMRA Funds, and

various entities on whose behalf they act as collection agents (collectively, the "Funds"), as third-party beneficiaries of the CBA, in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

13.    In the event that an employer bound by the CBA, like Kimo, is delinquent in its contributions to the Funds, then, pursuant to the CBA and the Funds' Collection Policy, the Funds are entitled to payment of the unpaid contributions, interest on contributions owed at a rate of 9% *per annum*, liquidated damages equal to 100% of the unpaid contributions, the Funds' audit costs, and the Funds' attorneys' fees and costs incurred in obtaining these amounts from the employer.

14.    In addition, the CBA further provides that if an employer fails to timely remit benefit contributions, the Funds may assess late payment interest against the employer from the date of the delinquency through the time of payment.

Fraudulent Conduct Perpetrated by Kissoondath

15.    In July 2023, the Union advised the Funds that several Union members had informed it that they performed Covered Work ostensibly for Kimo for which they were paid by personal checks issued by Kissoondath.

16.    The Funds determined that Kimo did not report the hours to the Funds or remit benefit contributions to the Funds for them.

17.    The purpose of this was to avoid Kimo's obligations to the Funds by paying employees "off the books" through Kissoondath's personal bank account, thereby hiding the hours from the Funds.

18.     As a result, Kissoondath intentionally deprived the Funds of the benefit contributions due and owing to the Funds arising from the work that these members performed.

Kimo's Unreported Covered Work

19.     Kimo failed to remit contributions to the Funds for Covered Work performed by Kimo employees, but not reported by Kimo.

20.     Kissoondath routinely required Kimo's employees to work hours "off the books" where Kimo did not report those hours and did not remit Employer Contributions to the Funds for those hours of Covered Work (the "Unreported Work").

21.     For example, from March 2023 through July 2023, at least two Kimo employees performed Covered Work at a New Jersey Department of Transportation site located in Ewing, New Jersey for which Kissoondath paid the members by personal check, and intentionally failed to report the hours to the Funds and to pay contributions.

22.     Those same Kimo employees performed Covered Work at two Pinebelt Nissan locations in Keyport and Toms River, New Jersey and, similarly, Kimo did not report any hours of Covered Work to the Union, or remit required contributions to the Funds.

23.     From approximately May through September, 2023, an additional Kimo employee worked off the books at a job located in Batch River, New Jersey, and at least two public schools located in New Jersey, Lakewood School and Erving School. This member was paid with checks from Kissoondath's personal checking account and Kimo's non-payroll account, none of which deducted payroll taxes. Kimo did not remit Employer Contributions to the Funds for these hours.

24.     This particular member was forced to pay for health insurance out of pocket from May 2023 to present because Kissoondath underreported the amount of hours worked by this employee to the Funds each month, causing him to fail to meet the threshold for coverage, even though this employee worked sufficient hours for Kimo to attain eligibility.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF
### *(Violation of ERISA)*

25.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26.     Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

27.     At relevant times hereto, Kimo was a party to, or manifested intent to be bound by, the CBA with the Union.

28.     The CBA required Kimo to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union.

29.     Kimo contravened both the CBA and section 515 of ERISA by its failure to report to the Union or contribute to the Funds for all work it performed within the trade and geographical jurisdiction of the CBA.

30.     Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the CBA, and the documents and instruments governing the Funds,

Plaintiffs are entitled to an order directing a forensic audit of Kimo's books and records, a finding that Kimo is liable for the total delinquency identified in the forensic audit, including payment of the unpaid contributions, interest on contributions owed at a rate of 9% *per annum*, liquidated damages equal to 100% of the unpaid contributions, the Funds' audit costs, and all reasonable attorneys' fees and costs incurred by Plaintiffs; any additional delinquent employer or employee contributions identified through the present during the course of this litigation, with the corresponding interest, liquidated damages, and attorneys' fees according to the CBA and Collection Policy, and such other further relief the Court deems appropriate.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF
### *(Violation of LMRA)*

31.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.    The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

33.    The CBA required Kimo to make specified hourly contributions to the Funds in connection with all Covered Work performed by its employees.

34.    Section 301 of the LMRA, 29 U.S.C. § 185, allows courts to enforce labor contracts, including the CBA.

35.    Kimo violated the CBA by failing to report and remit required Employer Contributions to the Funds for its employees' Covered Work.

36.    Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the CBA, and the documents and instruments governing the Funds,

Plaintiffs are entitled to an order directing a forensic audit of Kimo's books and records, a finding that Kimo is liable for the total delinquency identified in the forensic audit, including payment of the unpaid contributions, interest on contributions owed at a rate of 9% *per annum*, liquidated damages equal to 100% of the unpaid contributions, the Funds' audit costs, and all reasonable attorneys' fees and costs incurred by Plaintiffs; any additional delinquent employer or employee contributions identified through the present during the course of this litigation, with the corresponding interest, liquidated damages, and attorneys' fees according to the CBA and Collection Policy, and such other further relief the Court deems appropriate.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF
*(Kissoondath's Liability under ERISA for Fraud)*

37.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38.     Kissoondath is the President, owner, and a controlling official of Kimo and knowingly committed fraud against the Funds by creating and conducting a scheme to deprive the Funds of Employer Contributions owed to them for Covered Work performed by Kimo, to which they are entitled under the CBA, Collection Policy and 29 U.S.C. §§ 1132(g) and 1145.

39.     Kimo and Kissoondath knowingly and fraudulently paid Kimo employees by personal, or non-payroll checks, without reporting the hours on payroll and without remitting any contributions to the Funds.

40.     The Funds reasonably relied, to their detriment, on the material and false representations and omissions which Kissoondath made, regarding the hours of Covered Work performed by Kimo employees.

41.     The Funds have been harmed by Kissoondath's fraudulent and knowing failure to report and remit Employee and Employer Contributions due and owing to the Funds pursuant to sections 502 and 515 of ERISA 29 U.S.C. §§ 1132 and 1145, in connection with Kissoondath's conduct of defrauding the Funds out of Employer and Employee Contributions owed for Covered Work.

42.     Accordingly, Kissoondath is jointly and severally liable with Kimo for any contributions, interest, and liquidated damages, and attorneys' fees and costs due and owing pursuant to 502 and 515 of ERISA 29 U.S.C. §§ 1132 and 1145, in connection with Kissoondath's conduct of defrauding the Funds out of Employer and Employee Contributions owed for Covered Work.  *See Leddy v. Standard Drywall, Inc.*, 875 F.2d 383 (2d Cir. 1989).

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1)     Order a forensic audit be performed of the books and records of Kimo and Kissoondath;

(2)     Award judgment to Plaintiffs against Defendant for all delinquent contributions uncovered by the audit, plus interest, liquidated damages, and audit costs;

(3)     A judgment, jointly and severally against Kissoondath and in favor of the Funds in an amount to be proven at trial, plus additional interest, liquidated damages, all reasonable attorneys' fees and costs and such other costs the Court may award; and

(4)     Award Plaintiffs such other and further relief as the Court may deem just and proper.

*[This Section Intentionally Left Blank – Signature on Following Page]*

Dated: New York, New York    Respectfully submitted,
       October 3, 2023

**VIRGINIA & AMBINDER, LLP**

By:   */s/Charles R. Virginia*
     Charles R. Virginia, Esq.
     Maura Moosnick, Esq.
     40 Broad Street, 7th Floor
     New York, New York 10004
     (212) 943-9080

     *Attorneys for Plaintiffs*