UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY RETIREE WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY VACATION FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY SUPPLEMENTAL FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY PROMOTIONAL FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY TRAINING FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY BUILDING FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY DEFENSE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY LOCAL POLITICAL ACTION COMMITTEE, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, THE INTERNATIONAL MASONRY INSTITUTE, AND THE TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTWORKERS POLITICAL ACTION COMMITTEE,<br><br>                                              Plaintiffs,<br><br>           -against-<br><br>KIMO TILE @ MARBLE, LIMITED LIABILITY COMPANY d/b/a KIMO TILE COMPANY, LLC, and SASHA KISSOONDATH,<br><br>                                              Defendants. | 23 CV 7377 (TAM) |

**PLAINTIFFS' FIRST REQUESTS FOR THE**
**<u>PRODUCTION OF DOCUMENTS TO DEFENDANTS (AMENDED)</u>**

Page **1** of **11**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern Districts of New York, Plaintiffs hereby request that Defendants Kimo Tile @ Marble, Limited Liability Company d/b/a Kimo Tile Company, LLC ("Kimo"), and Sasha Kissoondath, individually, ("Kissoondath, together with Kimo as "Defendants," and each being a "Defendant") produce copies of any and all documents in their possession, custody, or control as requested herein to the offices of Virginia & Ambinder, LLP, 40 Broad St., 7th Floor, New York, New York 10004 ("Requests"). Defendant's responses to the Funds' Requests are due within thirty (30) days after being served with the Requests. These Requests should be read, interpreted, and responded to in accordance with the instructions and definitions set forth below as well as the FRCP and the Local Civil Rules.

## INSTRUCTIONS

1.  The relevant time period for the Interrogatories is October 3, 2017 through the present (the "Relevant Period"), unless otherwise stated. A document may be relevant even if it was created, modified, deleted, destroyed, or otherwise disposed of outside of such time period if it pertains to such period or otherwise was effective or in force during such period.

2.  The following Requests constitute a continuing demand for production of documents to the full extent permitted by law. Accordingly, if at some point after the service of these Requests, each Defendant or anyone acting on its behalf obtains or becomes aware of additional documents and/or electronically stored information pertaining to any Request for production, or a document and/or electronically stored information is located or is created which is responsive to one of the Requests herein, these Requests are to be interpreted as requiring production of that document and/or electronically stored information and each Defendant is required to provide such documents and/or electronically stored information by way of

supplemental responses. Such supplemental responses are to be served upon the Funds within twenty (20) days after Defendant(s) become aware of such documents and/or electronically stored information, but no later than two (2) weeks prior to the date of any trial or hearing in this action.

        3.        In responding to these Requests, each Defendant must furnish all documents and/or electronically stored information which are available, including documents and/or electronically stored information in the possession, custody or control of Defendants' attorneys or investigators or anyone else acting for or on Defendants' behalf, and not merely those documents and/or that electronically stored information held by Defendants. If a Defendant is unaware of the existence of any documents and/or electronically stored information responsive to a request, Defendant should expressly so indicate, answer to the extent possible and identify any person(s) who may have additional knowledge or information to complete the response. If any document or electronically stored information is withheld on grounds of privilege, or that the document or electronically stored information contains materials that constitute attorney work product, a Defendant should provide a statement signed and verified by Defendant's attorneys which sets forth as to each such document or electronically stored information a sufficient description to enable the Court to rule on the validity of the claim of privilege, including at least the following information:

    (a)    the name and address of the person(s) who possess or control the document or electronically stored information and each copy of the document;

    (b)    the name of the author of the document or the electronically stored information;

    (c)    the name of the sender of the document or electronically stored information if different from the author and the name of the person(s) to whom copies were sent or otherwise made available, including but not limited to, the name of each to:, from:, cc: and bcc: if applicable for the entire e-mail chain of any responsive e-mails;

    (d)    the name of any person(s) known to have seen or have possession of a copy of the document if not identified above;

  (e) the business affiliation and job title of every person named in (a), (b), (c) and (d) above;

  (f) the date of the document;

  (g) a brief description of the nature (e.g., letter, memorandum) and subject matter of the document; and

  (h) the basis of the privilege claim.

4. If any document or electronically stored information that would have been responsive to these Requests has been destroyed or is no longer in Defendant's possession, custody, or control, provide the following information:

  (a) the date of the document or electronically stored information;

  (b) the names and job titles of the preparer(s), sender(s), and recipient(s) of the documents and electronically stored information;

  (c) the date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document or electronically stored information left Defendant's possession, custody, or control; and

  (d) the circumstances surrounding the loss of the document or electronically stored information or the reason for its destruction.

5. These Requests should be read, interpreted, and responded to in accordance with the definitions, instructions and detail required by the FRCP and the Local Civil Rules.

6. Pursuant to FRCP 34(b), the Funds specify that any responsive electronically stored information shall be produced in the following formats:

 A. **TIFFs**: All images shall be delivered as single page Group IV TIFF image files, and image file names should not contain spaces

 B. **Unique IDs**: Each image should have a unique file name and should be named with the Bates number assigned to it

 C. **Text Files**: Extracted full text in the format of multipage .txt files shall be provided, and each text file should match the respective TIFF filename. Text from redacted pages should be produced in OCR format

D. **Parent-Child Relationship:** Parent-child relationships (the association between an attachment and its parent record) should be preserved

E. **Database Load Files/Cross-Reference Files**: Records should be provided in a format compatible with Concordance 8x and Opticon 3x

F. **Metadata**: For records that were originally created using common, off-the-shelf software (e.g., Microsoft Word, Microsoft PowerPoint, Adobe PDF), Defendant will provide all metadata fields set forth in the below metadata fields. Defendant must produce all files attached to each email they produce, but only if such files are actually attached to that email in the ordinary course of business. To the extent Defendant produces email attachments that were originally created using common, off-the-shelf software; Defendant will produce the metadata for those attached electronic records in accordance with this section:

- Custodian
- Beginning Bates Number
- Ending Bates Number
- Beginning Attachment Number
- Ending Attachment Number
- Record Type
- Master_Date
- Sent On_Date and Time
- Received_Date and Time
- Create_Date and Time
- Last_Modified Date and Time
- Parent Folder
- Author
- To
- From
- CC
- BCC

- Subject/Title
- Original Source
- Native Path
- File Extension
- File Name
- File Size
- Full Text

G. **Spreadsheets**: For spreadsheets that were originally created using common, off-the-shelf software (e.g., Microsoft Excel), Defendant should produce the spreadsheets in native format (with a native file link as produced included with the document metadata) and, in addition, in TIFF format.

## DEFINITIONS

1. These Definitions and Requests incorporate, to the extent applicable, the definitions set forth in the Federal Rules of Civil Procedure and Local Civil Rule 26.3. The below definitions supplement those definitions.

2. The word "**date**" means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

3. The term "**employee**" refers to current and/or former: full-time employees; part-time employees; temporary employees; independent contractors; executives; managers; members; owners; agents; work staff; laborers; paid and/or unpaid consultants, interns, externs and agents; and/or any other persons performing work for Defendant.

4. The term "**compensation**" refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including but not limited to, base salary, bonus or incentive compensation, cash, common or restricted stock or shares, restricted stock units, other equity or fixed income products or their

derivatives, options, warrants or other financial products, and services, rights, entitlements or benefits of any kind.

5. As used herein, the term "**agreement**" means any understanding, contract, promise, or agreement whether written or oral.

6. The term "**e-mail**" includes e-mails, attachments thereto, and instant messages as well as all associated meta-data.

7. The singular includes the plural and vice versa.

8. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

9. "**He**" shall also mean "**she**" and vice versa.

10. "**His**" shall also mean "**hers**" and vice versa.

11. The term "**Defendant**" used herein refers to Sesso Tile & Stone Contractors Inc. and all officers, directors, employees, agents, attorneys, shareholders, partners, members, corporate parents, subsidiaries, affiliates, predecessors, and successors thereof.

12. "**Tile Funds**" shall mean the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, and the Tile Layers Local Union 52 Pension Fund, any predecessors and successors thereof, and any trustees, employee, representative, or agent of said funds.

13. "**International Funds**" shall mean the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute any predecessors and successors thereof, and any trustees, employee, representative, or agent of said funds.

14. The term "**Funds**" means the Plaintiffs, collectively, and any predecessor or successor thereof.

15. The term "**Union**" means the Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the Int'l Union of the Bricklayers and Allied Craftworkers, and any predecessor or successor thereof.

16. The term "**CBA**" shall mean any collective bargaining agreement of the Union to which Defendant is bound unless specified otherwise.

17. The term "**Covered Work**" includes all of the types of work referenced in the jurisdictional section of any CBA of the Union to which Defendant is bound.

18. The **"Relevant Time Period"** is from **October 3, 2017 to the present**. Unless otherwise specified, this time period applies to all Requests.

## DOCUMENT REQUESTS

1. Any collective bargaining agreements, project labor agreements, or project labor agreement affidavits that Defendant agrees it was a party to or otherwise bound by that required it to remit contributions to the Plaintiffs.

2. All payroll records relating to all individuals who received compensation from Defendant during the Relevant Time Period, including weekly payroll, quarterly reports, annual summaries, and W-2s.

3. All daily, weekly, monthly and quarterly time records of Defendant's employees during the Relevant Time Period, including timesheets, punch cards, and/or sign-in/sign-out sheets.

4. All general ledgers of Defendants.

5. All documents concerning Defendants' construction projects where Defendants performed Covered Work during the Relevant Time Period, including, but not limited to invoices,

purchase orders, construction logs, certified payroll records, change orders, emails concerning job progress and manpower, and bid documents.

  6.  All of Defendants' contracts and subcontracts to perform Covered Work.

  7.  All federal income and payroll tax forms of Defendants, including but not limited to Forms W-2, W-3, 940, 941, 1096, 1099, 1120, 1120S, 1040, and 1065, and all schedules and attachments thereto.

  8.  All state and local payroll tax forms of Defendants and all schedules and attachments thereto.  This request seeks responsive documents concerning the Relevant Time Period.

  9.  All documents relating to cash disbursements made by Defendants, including cash disbursement journals, general ledgers, check registers, and canceled checks.

  10.  All financial statements prepared by or on Defendants' behalf.

  11.  All bank statements together with check images of deposits and withdrawals for each statement concerning any bank account maintained by Kimo or in which Kimo has an interest.

  12.  All bank statements together with check images of deposits and withdrawals for accounts maintained by Sasha Kissoondath or in which Sasha Kissoondath has an interest, including but not limited to TD Bank Account #4386931814 and #4422167886.

  13.  All contracts and subcontracts entered into by either Defendant which include work within the Union's trade and/or geographic jurisdiction.

  14.  All contracts and subcontracts and invoices and work orders related to work performed by Kimo at the following locations:

   a. 762 Stage Road, Bass River, NJ 08224

   b. Pinebelt Nissan in Toms River, NJ

      c. Pinebelt Nissan in Keyport, NJ

      d. NJ Department of Transit in Ewing, NJ

15. All communications, including but not limited to emails and text messages, between Sasha Kissoondath and Union members, regarding job site assignments, hours worked, work schedules, and payment of wages and benefits.

16. All documents upon which Defendants relied or intend to rely in support of their affirmative defenses.

17. All documents that Defendants intend to introduce into evidence at trial or otherwise rely upon in this action.

Dated: New York, New York
       March 21, 2024

**VIRGINIA & AMBINDER, LLP**

By:      /s/
Maura Moosnick, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
mmoosnick@vandallp.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Maura Moosnick, Esq., hereby certify that on March 21, 2024, a true and correct copy of the foregoing *Plaintiffs' First Requests for the Production of Documents to Defendants (Amended)* were served via Electronic Mail on counsel for Defendant at the following location:

> C. Zachary Rosenberg, Esq.
> Rottenberg Lipman Rich, P.C.
> zrosenberg@rlrpclaw.com
> www.rlrpclaw.com

>> */s/ Maura Moosnick*
>> Maura Moosnick, Esq.